# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES | |
| v. | CRIMINAL ACTION NO. 3:09cr130 (SRU) |
| WILLIAM GAMBARDELLA | |

## RULING ON DEFENDANT'S MOTION TO SUPPRESS

William Gambardella was indicted as a participant in a drug distribution conspiracy. Most, if not all, of the evidence against Gambardella stems from intercepted telephonic communications between him and another co-defendant. Those communications were obtained by a wiretap that Senior District Judge Peter C. Dorsey authorized on February 2, 2009. Gambardella challenges the legal validity of that wiretap and moves to suppress all wiretap evidence against him. For the following reasons, Gambardella's motion is denied.

## I.    Background

Gambardella's motion asserts that the government's affidavit in support of its wiretap application was defective, and, as a result, the wiretap should never have been authorized and evidence derived from it must be suppressed. Gambardella's protest concerns a single paragraph in the government's affidavit, in which the attesting officer, Michael Mastropetre, states:

> The affidavit is being submitted in support of an application for an order authorizing interception of wire communications occurring over the Target Telephone. Because the information and evidence gathered during this investigation are voluminous, this affidavit includes only those facts which relate to the need for, and propriety of, the requested authorization; this affidavit does not purport to set forth all of the facts gathered during the course of the investigation of this matter.

Mastropetre Aff. ¶ 8.

Gambardella argues that in this paragraph Officer Mastropetre admitted that he withheld

possibly material information from the Court when seeking the wiretap. Working from the premise that the government admitted to the omission of information, Gambardella maintains that Judge Dorsey could not legally authorize the wiretap application. By Gambardella's reasoning, it follows that the wiretap authorization was defective and its fruits must be suppressed.

The government disagrees, arguing that Officer Mastropetre gave all of the relevant evidence to the judge and that paragraph 8 of the affidavit should not be read to the contrary. Furthermore, the government contends that, even if evidence were omitted, suppression is not warranted because Gambardella has made no showing that Officer Mastropetre omitted material information deliberately or recklessly or was otherwise acting in bad faith.

## II.    Discussion

A trial court's authorization of a wiretap is entitled to great deference. A reviewing court is responsible only for "ensuring that the facts set forth in the application were minimally adequate to support the determination that was made." *United States v. Concepcion*, 579 F.3d 214, 217 (2d Cir. 2009) (quotation omitted). A district court reviewing another district court's issuance of a wiretap warrant should limit its determination "to whether the issuing judge had a substantial basis for his finding." *United States v. Ambrosio*, 898 F. Supp. 177, 181 (S.D.N.Y. 1995) (citing *United States v. Wagner*, 989 F.2d 69, 72 (2d Cir. 1993)). That "substantial basis" is generally found in the law enforcement officer's affidavit in support of the warrant. Those affidavits "must be read as a whole and construed in a realistic and common-sense manner, so that their purpose is not frustrated." *Id.* (quotation omitted).

Applying that highly deferential standard, Gambardella's motion to suppress must be

denied, for two reasons.  First, Gambardella's claim rests on a stingy and unpersuasive reading of

the government's affidavit; on that basis alone, his motion must fail.  But even if Gambardella's

interpretation of the affidavit were accepted, suppression of the wiretap's fruits would not be an

appropriate remedy.  Rather, excluding the evidence would be improper because Gambardella

has offered nothing to show or even suggest that Officer Mastropetre acted in bad faith by

deliberately or recklessly omitting information from his affidavit.

     A.    <u>The Government met its burden under Title III</u>

Law enforcement officers may not conduct a wiretap without first obtaining a warrant

from a judge of competent jurisdiction.  Title III of the Omnibus Crime Control and Safety Act of

1968 ("Title III") controls the procedure for obtaining such a warrant.  In addition to meeting

other requirements, a law enforcement officer applying for a Title III warrant "shall include . . . a

full and complete statement as to whether or not other investigative procedures have been tried

and failed or why they reasonably appear to be unlikely to succeed if tried or to be too

dangerous."  18 U.S.C. § 2518(1)(c).  And a judge may not authorize a wiretap without first

finding that "normal investigative procedures have been tried and have failed or reasonably

appear to be unlikely to succeed if tried or to be too dangerous."  § 2518(3)(c).

To meet its burden, the government must submit more than "generalized and conclusory

statements that other investigative procedures would prove unsuccessful."  *Concepcion*, 579 F.3d

at 218 (quoting *United States v. Lilla*, 699 F.2d 99, 104 (2d Cir. 1983)).  But the government is

also "not required to exhaust all conceivable investigative techniques before resorting to

electronic surveillance.  'The statute only requires that the agents inform the authorizing judicial

officer of the nature and progress of the investigation and of the difficulties inherent in the use of

normal law enforcement methods.'" *Id.* (quoting *United States v. Diaz*, 176 F.3d 52, 111 (2d Cir. 1999)).  The statute, therefore, does not require the government to attempt and document every theoretical investigation method.  Rather, "[w]hat the provision envisions is that the showing [of the wiretap's necessity] be tested in a practical and commonsense fashion."  *Id.* (quoting S. Rep. No. 90-1097 (1968)); *United States v. Torres*, 901 F.2d 205, 232 (2d Cir. 1990).

Gambardella does not challenge Officer Mastropetre's affidavit for its failure to establish the need for a wiretap on its face.[1]  Instead, he argues that the affidavit is not the "full and complete statement" that § 2518(1)(c) contemplates.  His basis for that claim is paragraph 8 of the affidavit.  Gambardella emphasizes this clause: "this affidavit does not purport to set forth all of the facts gathered during the course of the investigation in this matter."  Mastropetre Aff. ¶ 8.  What Gambardella chooses to ignore is the preceding part of the sentence, which states, "Because the information and evidence gathered during this investigation are voluminous, this affidavit *includes only those facts which relate to the need for, and propriety of, the requested authorization*."  *Id.* (emphasis added).

The commonsense way of reading the paragraph, when the sentence is fully iterated, is that the government's affidavit is limited to information relevant to the wiretap application and omits other, immaterial information.  In his reply, Gambardella asserts that the affidavit should have included "specific qualifying language" such as "none of the facts gathered *that have been left out of this affidavit* were material to the question . . . ."  Def.'s Reply 2 (emphasis in original).

---

[1] Indeed, the affidavit appears quite comprehensive.  Of its 67 pages, 15 (paragraphs 95-114) are spent describing why other investigative techniques are unlikely to be successful or would otherwise be dangerous.  Those paragraphs make a compelling case for the need to obtain a wiretap in order to discover the full scope of the conspiracy, where the conspirators manufactured and stored their drugs, and how they laundered their money.

But there is no meaningful difference between the proposed language and what Officer

Mastropetre wrote in paragraph 8 of his affidavit.[2]  When read in full, paragraph 8 is clear: the

affidavit includes information relevant to the warrant application and excludes everything else.

Although put perhaps less bluntly than Gambardella's suggested phrasing, the affidavit

ultimately makes the same point.

 The government cites *United States v. Yeje-Cabrera*, 430 F.3d 1, 9-10 (1st Cir. 2005),

where a similarly drafted paragraph was held not to constitute a Title III violation.[3]  That case is

persuasive authority.  The *Yeje-Cabrera* Court held that an officer's statement that immaterial

evidence was not included in the affidavit did not upset his wiretap application because Title III

does not obligate a law enforcement officer to divulge every fact discovered in the course of the

investigation.  Rather, all that the government must do is state the facts that are relevant to the

court's determination that a wiretap is a necessary investigative tool.  As the First Circuit noted,

"[m]any aspects of an investigation, especially in a large, complex case like this one, will not be

---

[2] The best I can make of Gambardella's distinction is that his alternative language
explicitly states that all facts outside the affidavit are not relevant, while, arguably, the
government's affidavit only says that all facts inside the affidavit are relevant.  Gambardella
would be right that, as a matter of "logic," Def.'s Mot. 4, paragraph 8 allows for the possibility
that certain relevant facts were excluded – i.e., the statement "all facts inside the affidavit are
relevant" does not preclude the conclusion that "some facts outside the affidavit are relevant."
But that kind of analytical precision is not required of the government in a wiretap application.
Instead, all that matters is that a "practical and commonsense" reading of the affidavit yields the
conclusion that a wiretap is necessary.  Undoubtedly, the government's affidavit satisfies that
standard.

[3] In *Yeje-Cabrera*, the defendant argued that the Government's affidavit was incomplete
on the basis of the following paragraph: "Since this Affidavit is being submitted for the limited
purpose of securing an order authorizing the interception of wire communications, I have not
included details of every aspect of this investigation to date. Facts not set forth herein are not
being relied on in reaching my conclusion that an order should be issued."  *Id.* at 9.

relevant to the question of whether a particular wiretap is necessary.  And even if there is some

relevance, the officer need not detail every single fact, so long as sufficient facts are described as

to the crucial issue and material contrary facts are not omitted." *Id.* at 9-10.

That is the correct way to read the statute.  On that basis, Officer Mastropetre's affidavit

is legally sufficient for Title III's purposes: it states enough facts to establish the necessity of

obtaining a wiretap and, based on a practical, commonsense reading of paragraph 8, it vouches

that only material facts were included and only immaterial facts were excluded.  Gambardella's

motion is therefore denied.

B.     Suppression would not be the appropriate remedy

Even assuming, however, that paragraph 8 implied that Officer Mastropetre omitted

material facts and his affidavit was thus not a "full and complete statement," it does not follow

that the wiretap's fruits must be suppressed.  On the contrary, there are exceptions to Title III's

exclusionary rule that would justify the admission of Gambardella's intercepted statements and

other derivative evidence against him.

Title III includes its own exclusionary rule, which states that "[w]henever any wire or oral

communication has been intercepted, no part of the contents of communication and no evidence

derived therefrom may be received in evidence . . . if the disclosure of that information would be

in violation of this chapter."  18 U.S.C. § 2515; *see also* § 2518(10)(a) (permitting "[a]ny

aggrieved person" to move for the suppression of statements or derivative evidence on the

grounds that "(i) the communication was unlawfully intercepted; (ii) the order of authorization or

approval under which it was intercepted is insufficient on its face; or (iii) the interception was not

made in conformity with the order of authorization or approval").

Although there is an independent statutory basis for excluding statements and evidence obtained in violation of Title III, the Second Circuit has incorporated certain 4th Amendment rules when deciding motions to suppress evidence obtained from legally defective wiretaps.  In particular, the Second Circuit has incorporated the good faith exception of *Franks v. Delaware*, 438 U.S. 154, and *United States v. Leon*, 468 U.S. 897 (1984).  *E.g.*, *United States v. Bianco*, 998 F.2d 1112, 11125-26 (2d Cir. 1993); *United States v. Ambrosio*, 898 F. Supp. 177, 187-90 (S.D.N.Y. 1995); *United States v. Marquez*, No. 91cr451 (SWK), 1992 WL 88139, at *1-*2 (S.D.N.Y. Apr. 22, 1992).  That exception, developed by the Supreme Court after Title III's passage, was incorporated into the statute's exclusionary rule because Title III was "not intended generally to press the scope of the suppression role beyond then present search and seizure law" and because it was held to be consistent with Title III's purpose "to protect the privacy of communications, but also to ensure that the courts do not become partners to illegal conduct." *Bianco*, 998 F.2d at 1126 (quotations omitted); *see also Ambrosio*, 898 F. Supp. 187-89 (describing trend and reasoning behind courts' incorporation of *Franks* and *Leon* in Title III exclusionary rule).

*Franks* and *Leon* stand for the same general principle: that suppression is an improper remedy for a violation of the 4th Amendment – and, in this case, Title III – when the officers procuring or relying on a warrant are acting in good faith.  *Franks* applies the good faith exception to cases where an officer misstates or omits material information in a warrant's underlying affidavit.  It holds that evidence obtained pursuant to such an invalid warrant will be admissible at trial so long as the officer did not act deliberately or recklessly in obtaining it.  438 U.S. at 151, 171.

Gambardella has made no showing whatsoever to establish that Officer Mastropetre deliberately or recklessly omitted material information from the Title III application.  Of course, Gambardella's legal theory – that paragraph 8 renders the affidavit defective and, by extension, merits immediate suppression of all evidence against him – implies that no such showing is necessary, so it is understandable that he has not taken the opportunity to address the officer's deliberateness or recklessness.  Nonetheless, *Franks* obligates him to allege and offer proof of that very conduct.  438 U.S. at 155, 171; *see also Bianco*, 998 F.2d at 1126 (holding that, under *Franks*, the defendant challenging the validity of a Title III warrant must make "a substantial preliminary showing (1) that the false statement or omission was knowingly and intentionally, or with reckless disregard for the truth, included by the government in a . . . warrant affidavit"); *Ambrosio*, 898 F. Supp. at 189.  Gambardella has not done so.  Similarly, he has not offered any allegation or proof to satisfy the other two components of the *Franks* test: that the omitted evidence was material, and that had it been included in the affidavit it would have prevented the Court from concluding that the wiretap was necessary.  *Franks*, 438 U.S. at 155-56; *Bianco*, 998 F.2d at 1126.  Hence, he is not entitled to the suppression of wiretap evidence against him.

## III.   Conclusion

Gambardella's motion to suppress fails.  First, the affidavit, when read in a practical, commonsense manner, does not support Gambardella's interpretation that Officer Mastroperte omitted material information from his wiretap application.  And, second, even if Officer Mastroperte did omit material information, Gambardella has not met his burden to establish that the omission was deliberate or made in reckless disregard of the truth.  Without any allegation or proof of Officer Mastroperte's bad faith, the evidence is admissible under Title III.

The motion to suppress **(doc. # 246)** is therefore **DENIED**.

It is so ordered.

Dated at Bridgeport, Connecticut, this 29th day of December 2009.

_____
/s/
Stefan R. Underhill
United States District Judge